**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 99-cv-00712-REB-BNB

KENNETH . ARMBECK,

    Plaintiff,

v.

DENVER POLICE DEPARTMENT,
D.QUINONES, Sergeant,
D. WILEY, Officer,
DENVER, CITY OF,
WELLINGTON WEBB, as Mayor for the City of Denver,
BUTCH MONTOYA, as Manager of the Department of Public Safety for the City of Denver, and
DAVID MICHAUD, as Chief of Police for the City, County of Denver,

    Defendants.

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Relief from Judgment – To Vacate Order** [#197], filed August 12, 2005. By this motion, plaintiff seeks to invoke Fed.R.Civ.P. 60(b)[1] to avoid the judgment entered against him in this court and affirmed by the Tenth Circuit Court of Appeals. I deny the motion.

Although not specified in the motion, it appears that plaintiff seeks to rely on Rule 60(b)(2), which provides for relief from judgment when a party presents "newly discovered evidence which by due diligence could not have been discovered in time to

---

[1] Although plaintiff also alludes to Fed.R.Civ.P. 60(a), it is clear from the substance of his motion that he is not seeking to correct a clerical error in the judgment.

move for a new trial under Rule 59(b).  **FED.R.CIV.P.** 60(b)(2); *see* Motion at 2-3.[2]  The evidence to which plaintiff alludes does not meet these criteria.  Instead, plaintiff merely argues that both the magistrate judge and I erred by allegedly overlooking various items of evidence presented in opposition to the motion for summary judgment.[3]  This evidence clearly is not newly discovered.[4]  Plaintiff has not met his burden of showing that the extraordinary remedy of Rule 60(b) relief is warranted.  *See  Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Relief from Judgment – To Vacate Order** [#197], filed August 12, 2005, is **DENIED**.

Dated January 13, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[2] In addition, a motion for relief under this subsection of the rule must be made "not more than one year after the judgment, order, or proceeding was entered or taken. **FED.R.CIV.P.** 60(b).  The judgment in this matter was entered on August 15, 2003 [#165].  The present motion was not filed until August 12, 2005.  Although plaintiff erroneously construes the deadline as running from the date of his receipt of the Tenth Circuit's order affirming the judgment, even then, his motion is filed more than one year after he received the Tenth Circuit's order.  (*See* Motion at 1, ¶ 4.)

[3] Contrary to plaintiff's argument (*see* Motion at 1, ¶ 3), the Tenth Circuit's November 7, 2000, order remanding this case for further proceedings did not mandate that I toll the statute of limitations to account for the 90 days during which he was recuperating from his injuries.  Rather, the appellate court remanded only for further development of the factual record regarding whether the statute of limitations should be so tolled.  Moreover, even allowing a 90-day tolling period would not bring plaintiff's claim, which admittedly was filed two and one-half months past the applicable deadline, within the statute of limitations in any event.

[4] Nor would such arguments merit relief on a motion for reconsideration.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").